**WESTERN CAS. & SURETY CO. v. PA-CIFIC EMPLOYERS INS. CO.**

Civ. 2667.

United States District Court
N. D. Oklahoma.

May 14, 1951.

Disney, Houston, Klein & Melone, Tulsa, Okl., for plaintiff.

Crouch, Rhodes & Crowe and E. D. Hieronymus, all of Tulsa, Okl., and Hudson, Hudson & Wheaton, Tulsa, Okl., for defendant.

WALLACE, District Judge.

Findings of Fact

I.

The plaintiff, Western Casualty and Surety Company, a Kansas corporation, is duly admitted to write liability insurance in the State of Oklahoma. The defendant, Pacific Employers Insurance Company, is a California corporation, duly admitted to write liability insurance in the State of Oklahoma. The amount in controversy, exclusive of interest and costs, exceeds the sum of $3,000.

II.

Plaintiff, Western Casualty and Surety Company, issued its policy of liability in-

surance upon a 1946 Chevrolet 2-ton dump truck, which truck was at all times material to this action the property of Jimmie Ward. That policy insured Ward against any liability imposed by law for the bodily injury of any one person to the extent of $10,000, and was in full force and effect on August 16, 1949.

A copy of the policy is attached to the complaint filed by the plaintiff in this case and was admitted in evidence. Paragraph 3 of the insuring agreement defines the word "insured" to include "* * * any person or organization legally responsible for the use thereof, * * *".

## III.

The defendant, Pacific Employers Insurance Company, issue its liability insurance policy to the McMichael Concrete Company. That policy is attached to the pleadings in this case and has by stipulation of counsel been considered as offered in evidence and made a part of the record herein, and was in full force and effect on August 16, 1949.

By the terms of that policy the defendant insured McMichael Concrete Company against any loss sustained by reason of any liability imposed by law; with certain exceptions detailed in the below quoted section, the policy limit under the said policy in respect to the injury or death of one person being in the sum of $100,000. That policy contained a hired automobile endorsement, which reads, in part, as follows: "* * * Definitions: The words 'hired automobile' shall mean a land motor vehicle, trailer or semi-trailer used under contract in behalf of the named assured, provided such automobile is not owned in full or in part by or registered in the name of (a) the named assured or (b) an executive officer or partner thereof or (c) an employee or agent of the named assured who is granted an operating allowance of any sort for the use of such automobile (and provided further the following described equipment shall not be deemed an automobile except while towed by or carried on a motor vehicle not so described; any crawler-type tractor, farm implement, farm tractor or trailer not subject

to motor vehicle registration, ditch or trench digger, power crane or shovel, grader, scraper, roller, well drilling machinery, asphalt spreader, concrete mixer, and mixing and finishing equipment for highway work, other than a concrete mixer of the mix-in-transit type.) The word 'automobile' whenever used in the policy, with respect to the insurance afforded under this endorsement, shall include 'hired automobile' * * *".

## IV.

Each of the insurance policies of plaintiff and defendant, provided: "If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; * * *".

## V.

McMichael Concrete Company, defendant's assured, had a contract which required it to excavate and move quantities of dirt on the campus of the University of Tulsa, located in Tulsa County, Oklahoma. It became necessary for McMichael Concrete Company to engage an additional truck for such work; as a result, the McMichael Concrete Company entered into an agreement with Jimmie Ward, the assured of Western Casualty and Surety Company, under the terms of which McMichael Concrete Company agreed to pay Ward the sum of $3.00 per hour for his service and for the use of the truck. This was a parol agreement.

## VI.

The court finds that the McMichael Concrete Company had the right to terminate the employment of Ward at any time, at its discretion. Ward was directed to keep his working position in relation to two other trucks owned and operated by the McMichael Concrete Company. Ward was shown a designated route to follow in hauling the dirt from the loading point, and was directed where to load and unload the dirt. McMichael Concrete Company determined the

amount and size of Ward's load, instructed him as to the method of unloading so as to make the most efficient use of the dumping space, when to back his truck into loading position and when to leave the location where the dirt had been loaded. So McMichael Concrete Company, for all practical purposes, controlled and had the right to control Ward as to the method and manner of the operation and use of his truck at all of the times he was working for McMichael Concrete Company.

### VII.

Pursuant to the oral agreement, Ward commenced work for McMichael Concrete Company on the morning of August 16, 1949, and while driving the truck in hauling a load of dirt for the McMichael Concrete Company, was involved in an accident in which a four year old child by the name of Sandra K. Bain received an injury which resulted in her death. Suit was thereafter instituted by the parents of the deceased child against Jimmie Ward and McMichael Concrete Company, such action having been commenced in the District Court of Tulsa County, Oklahoma. The truck which Ward was operating at the time of the accident was the same 1946 Chevrolet dump truck upon which plaintiff had issued its liability insurance policy to Ward.

### VIII.

Thereafter settlement negotiations between the parents of the deceased child and the insurance carriers, plaintiff and defendant, resulted in a settlement of the death action brought by the parents of the deceased child and a stipulation was entered into by and between the parties through their attorneys. That stipulation is attached to the complaint filed herein and designated "Exhibit C" and has been received in evidence.

That stipulation provided in substance that all rights of the parties hereto were reserved, except for the proposition that the amount paid in the settlement was to have the same effect as though a judgment had been rendered by a court and jury.

### IX.

That judgment was paid by plaintiff and the parties to this action agree the sum was reasonable.

### Conclusions of Law

### I.

The court has jurisdiction over the parties and subject matter of this action.

### II.

In the absence of statutory mandates, the coverage of a liability insurance policy is governed by the terms and conditions of the insurance contract and third parties suing the insurer are so limited; hence the subrogated rights of plaintiff in this action, arising by virtue of their settlement agreement with the deceased child's parents, are governed by the provisions of McMichael Company's policy issued by the defendant.

### III.

The interpretation of an insurance policy, like any other contract, is a question of law for the court.

### IV.

It is the court's opinion that the "hired automobile endorsement" in the McMichael policy does not insure McMichael Company against liability for the operation of a vehicle owned by "* * * an employee or agent * * * who is granted an operating allowance of any sort for the use of such automobile * * *'" (motor vehicle).

In the instant case, Jimmie Ward was an employee of McMichael Company in the course of his employment at the time of the accident which fostered this action; however the compensation paid Ward of $3.00 per hour was in part for his service and in part an operating allowance for the use of his truck; and by the clear and unambiguous terms of the McMichael policy, the defendant had no duty to protect or reimburse McMichael Company by virtue of the "hired automobile endorsement" in those circumstances. Since plaintiff's right to recover must be predicated on the lia-

bility of defendant to McMichael Company, the plaintiff cannot recover in this action.

## V.

Counsel are directed to prepare a judgment in conformity with the above findings of fact and conclusions of law, and to present it to the court for signature within ten days from this date.