Robert WECKMAN, Appellant,

v.

Gary HOUGER, Appellee.

No. 1132.

Supreme Court of Alaska.

Jan. 30, 1970.

---

Howard Staley, of Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellant.

Robert A. Parrish, Fairbanks, for appellee.

Before DIMOND, RABINOWITZ, BONEY and CONNOR, JJ., and STEWART, Superior Court Judge.

OPINION

PER CURIAM.

This case arose out of an accident which occurred on December 13, 1965, on the Richardson Highway, in which an automobile being operated by appellant crossed into the oncoming lane of traffic, colliding with appellee's automobile.

A suit was commenced in which the jury returned a judgment of $300,000. Pursuant to Civil Rule of Procedure 82(a) (1),[1] an attorney's fee was determined and awarded by the trial court in the amount of $30,850. At the time of the accident appellant was insured by the National Emblem Insurance Company. The policy limit was $10,000, and provided that the insurance company would pay "all expenses" incurred by the company in any defense and "all costs" levied against the insured in an action under the policy.[2] Settlement negotiations were had in which appellee offered to settle the case for $12,025. Later this offer was withdrawn. Still later, appellant offered the policy limit of $10,000, plus costs and an attorney's fees based on that limit. This offer was rejected. There is also some evidence to indicate that appellant offered $20,000 sometime during the trial, which offer was also apparently rejected.

---

1. Civ.R. 82(a) (1) reads as follows:

"Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law:

ATTORNEY'S FEES IN AVERAGE CASES

|  |  | Contested | Without Trial | Non-Contested |
|---|---|---|---|---|
| First | $2,000 | 25% | 20% | 15% |
| Next | $3,000 | 20% | 15% | 12.5% |
| Next | $5,000 | 15% | 12.5% | 10% |
| Over | $10,000 | 10% | 7.5% | 5% |

"Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount."

---

2. " * * * and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy even if any of the allegations of the suit are groundless, false, or fraudulent. * * * To pay in addition to the applicable limits of liability (a) all expenses incurred by the company, all costs taxed against the insurer in any such suit * * *."

■ Appellant argues that the trial court abused its discretion in awarding an attorney's fee because the trial court based its award on the judgment of $300,000 instead of the policy limit of $10,000. Appellant, in effect, is arguing that under the policy the insurance carrier is required to pay only that portion of the $30,850 as $10,000 bears to $300,000; that is, a prorata share based on the policy limits. This argument has already been rejected by us in Liberty National Insurance Company v. Eberhart.[3]

■ Appellant argues that since he is a person of somewhat limited means, a judgment of $300,000 is uncollectible except as to the insurance policy limits and payment of attorney's fees thereunder. He contends that the trial court should have awarded attorney's fees taking into consideration the unlikelihood that any recovery will actually be had beyond the policy limits. However, in McDonough v. Lee[4] the same argument was made and also rejected by us. The judgment in ex-cess of policy limits is a potentially valuable property right which might be realized through supplementary proceedings in the event that the appellee discovers any assets of appellant unknown to appellee at the time of suit, at the time of judgment, or thereafter.

Appellant does not claim that his insurance carrier was unaware of the applicable law when it wrote the policy or when it entered into defense of the case. He merely asserts that the company should be relieved of its obligations under the policy as to the payment of an attorney's fee. We will not relieve the insurance company of that obligation, which has already been established by our previous decisions.

This case does not, in our opinion, raise any new questions of law which have not already been determined by those previous decisions.

The judgment below is affirmed.

NESBETT, C. J., not participating.

3. 398 P.2d 997 (Alaska 1965).

4. 420 P.2d 459 (Alaska 1965).