INSURANCE COMPANY OF NORTH AMERICA, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

No. 5700.

Supreme Court of Alaska.

May 20, 1983.

---

Kenneth P. Jacobus, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellant.

Kenneth R. Lamb, Lamb & Bowen, Anchorage, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

BURKE, Chief Justice.

On January 24, 1973, James Mead, the basketball coach at Talkeetna School, was returning from a basketball game with students when the van he was driving collided with a vehicle owned by the Matanuska-Susitna Borough School District [School District], Mead's employer. A number of students were passengers in Mead's van. The students were injured in the accident which was caused by Mead's negligence.

The vehicle Mead was driving was owned by another School District employee, Verne Olson, principal of Talkeetna School. Olson had given Mead express permission to drive the van and it is undisputed that Mead was conducting School District business when the accident occurred.

Two insurance companies are parties to this appeal. State Farm Mutual Automobile Insurance Company [State Farm] was the insurer of the Olson vehicle, with policy limits of $50,000 per person and $100,000 per accident. The Insurance Company of North America [INA] was the School District's insurer. The limits of that policy were $100,000 per person and $300,000 per accident.

State Farm settled with the students in the collective amount of $103,000[1] and obtained releases effective as to Mead, Olson and the School District. It then filed suit against INA, alleging that the INA policy provided coverage of Mead's liability, and seeking contribution toward the settlements. On cross motions for summary judgment, the superior court determined that the INA policy did provide coverage and entered judgment against INA for a prorated share of $69,676.39. We reverse.

The INA policy provides that each of the following is an insured:

---

1. State Farm's settlement for $103,000 was apparently intended to be within its policy limits inasmuch as $3,000 is doubtlessly not more than the costs and attorney's fees which would have been assessed had the case gone to trial. *See Salmine v. Knagin,* 645 P.2d 148, 150 n. 8 (Alaska 1982).

(a) the Named Insured:

(b) any partner or executive officer thereof, but with respect to a non-owned automobile only while such automobile is being used in the business of the Named Insured.

(c) any person while using an owned automobile or a hired automobile with the permission of the Named Insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:

(1) a lessee or borrower of the automobile, or

(2) an employee of the Named Insured or of such lessee or borrower;

(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an Insured under (a), (b) or (c) above.

It is apparent at the outset that Mead is neither the School District, insured under subparagraph (a), nor a partner or executive of the School District specified in subparagraph (b). The INA policy defines "hired automobile," used in subparagraph (c), as follows:

"[H]ired automobile" means an automobile not owned by the Named Insured which is used under contract in behalf of, or loaned to the Named Insured, *provided such automobile is not owned by or registered in the name of* (a) a partner or executive officer of the Named Insured or (b) *an employee or agent of the Named Insured who is granted an operating allowance of any sort for the use of such automobile*[.] (Emphasis added).

Olson, the registered owner of the van and a School District employee received five cents per mile from the School District for the use of the van. Reimbursement of operating expenses has been held to constitute an "operating allowance." *See Western Casualty & Surety Co. v. Pacific Employers Insurance Co.,* 97 F.Supp. 956, 958–59 (N.D. Okl.1951).

In interpreting an insurance policy, courts follow the definitions provided in the policy itself. *Dorrell v. State Fire and Casualty Co.,* 221 So.2d 5, 6 (Fla.App.1969). Where an insurance company limits the coverage of a policy issued by it in plain language, this court recognizes that restriction. *See Ness v. National Indemnity Company of Nebraska,* 247 F.Supp. 944, 947 (D.Alaska 1965); *Werley v. United Services Automobile Association,* 498 P.2d 112, 116 (Alaska 1972). We find that Olson's van was not a "hired automobile" under the policy definition of that term. Nor was the van "owned" by the School District, as covered in the alternative in subparagraph (c). We therefore conclude that Mead was not an insured under the INA policy.

INA concedes that it would be obligated to indemnify the School District had the latter been held liable to the injured students under the principle of *respondeat superior.* This, however, does not mean that INA is liable to State Farm for contribution.

It is well settled that an employer who has been held vicariously liable for the negligence of its employee may recover its loss from the employee. *Austin v. Fulton Insurance Co.,* 498 P.2d 702, 705 (Alaska 1972); Restatement of Restitution § 96 (1937); W. Prosser, *The Law of Torts* § 51, at 311 (4th ed. 1971). An insurer is subrogated to the rights of the insured either by the terms of the policy or on the ground of general equitable principles. 44 Am.Jur.2d *Insurance* § 1800 (1982). It follows that an employer's insurer is entitled to reimbursement from a negligent employee's insurer or the insurance of a third party which covers the employee. *Fireman's Fund American Insurance Cos. v. Turner,* 260 Or. 30, 488 P.2d 429 (Or.1971); 7A Am.Jur.2d *Automobile Insurance* § 442 (1980).

It would create circuity of actions were we to hold INA liable for contribution to State Farm when INA has a right to in-

demnification from State Farm as Mead's insurer.[2]

Given our holding that State Farm is not entitled to contribution from INA, it is unnecessary for us to consider INA's other arguments concerning the proper method of calculating the amount of contribution.

REVERSED.

---

**2.** This conclusion is supported by AS 09.16.-010(f), which reads, in part:

  If one tortfeasor is entitled to indemnity from another, the right of the indemnity obli-gee is for indemnity and not contribution, and the indemnity obligor is not entitled to contribution from the obligee for any portion of his indemnity obligation.