**Ruth P. SCHULTZ, individually, and as personal representative of the estate of Joseph Schultz, deceased, and Jokay Paterson, individually, and as personal representative of the estate of Thomas G. Paterson, deceased, Appellants/Cross–Appellees,**

v.

**The TRAVELERS INDEMNITY COMPANY, a Connecticut corporation, Appellee/Cross–Appellant.**

Nos. S–2143, S–2166.

Supreme Court of Alaska.

May 13, 1988.

---

Dan A. Hensley, Law Offices of L. Ames Luce, Anchorage, for appellants/cross-appellees.

Clark Reed Nichols and James N. Leik, Perkins Coie, Anchorage, for appellee/cross-appellant.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

Travelers Indemnity Company cross-appeals a trial court ruling that prospective Civil Rule 82 attorney's fees based on a stipulated projected verdict were a part of Travelers' "policy limits."[1] We affirm based on the reasoning of the trial court:

Joseph Schultz and Thomas G. Paterson, Jr. were killed on September 17, 1982, when a plane operated by the defendants crashed into Hudson Lake near [Iliamna], Alaska. The defendants were insured by Intervenor, the Travelers Indemnity Company (Travelers) for $100,000.00 per passenger. That insurance contract also obligated Travelers to pay unlimited defense costs and court costs.

The Schultz and Paterson estates demanded that Travelers settle their wrongful death claims by paying "policy limits". The plaintiffs defined policy limits as the face amount of the insurance policy, plus Rule 82 attorney's fees which would have been awarded had the case gone to trial and plaintiffs' verdicts rendered. Travelers denied it had any responsibility for Rule 82 fees under any circumstances.

The plaintiffs and Travelers submitted the case to this court on a stipulation, asking the court to define the scope of policy limits under the facts of this case. Travelers agreed to pay policy limits as defined by the court. On the basis of the pleadings and the arguments presented, the Court grants summary judgment to the plaintiffs and makes the following Findings and Conclusions.

If a plaintiff makes a policy limits demand and there exists a substantial likelihood that a verdict will be rendered against the insured in excess of the coverage provided by the policy of insurance, the insurer has a duty to tender as settlement of the claim the maximum

---

1. The parties agreed to be bound by an independent expert's determination of what a jury would have awarded in these cases. The expert's projected verdict in the *Schultz* case was $4,768,059.00 (including pre-judgment interest) and $2,231,317.54 (including pre-judgment interest) in the *Paterson* case. Court awarded attorneys' fees were calculated under the "without trial" column of Civil Rule 82(a), as it existed at the time this case arose. Schultz was awarded attorney's fees of $358,958.08 and Paterson was awarded attorney's fees of $167,348.81.

limits of insurance coverage. This obligation is grounded in the insurer's legal duty to act in good faith to protect the interests of the insured. *Crisci v. Security Ins. Co.* [66 Cal.2d 425, 58 Cal.Rptr. 13] 426 P.2d 173, 178 [ (Cal.1967) ]. Because of the manner in which this case was presented to the court, there were no facts developed concerning the likelihood of a plaintiffs' verdict. However, the court notes that the insurer, in fact, agreed to pay policy limits as a result of the plaintiffs' demands.

In determining what constitutes the maximum limits of insurance coverage, *i.e.*, policy limits, it is necessary for the court to review the contractual obligations undertaken by the insurer in the insurance policy in question in light of the applicable statutes, regulations and court opinions which have addressed this issue. The insurance policy here provides a face value limit of $100,000 per passenger. Therefore, Travelers had a duty, under the principles discussed above, to tender the face value of $100,-000 to each plaintiff.

The insurance contract also obligated Travelers to pay unlimited court costs. This language, as construed by the Alaska Supreme Court, obligates Travelers to pay Rule 82 attorney's fees as an additional item of policy coverage on the full amount of a jury verdict rendered against the insured defendant. *Guin[ ] v. Ha*, 591 P.2d 1281, 1285–86 [ (Alaska 1979) ]; *Weckman v. Houger*, 464 P.2d [528] (Alaska 1970); *Continental Insurance Co. v. Bayless and Roberts, Inc.*, 608 P.2d [281] (Alaska 1980).

This case did not proceed to trial. The plaintiffs made their policy limits demand. The parties then engaged an economist, Dr. Richard Solie, to project the plaintiffs' economic losses and stipulated the values of plaintiffs' non-economic losses. The question presented to the court is whether, under these circumstances, policy limits should be defined in the same manner as if this case had gone to trial. The court agrees with the plaintiffs that policy limits in this situation includes the amount of attorney's fees which would have been awarded had this case gone to trial.

This holding is required, at least by implication, by the Alaska Supreme Court opinion in *Continental Insurance Co. v. Bayless and Roberts*, 608 P.2d 281, 285, n. 6 and 295–96, n. 22 (Alaska 1980). *See [also] Salmine v. Knagin*, 645 P.2d 148, 150, n. 8 (Alaska 1982); *Insurance Co. of North America v. State Farm Mutual Auto Insurance Co.*, 663 P.2d 953, 954, n. 1 (Alaska 1983). Travelers had the legal duty to make a determination as to the amount of a money judgment which might be rendered against its insured. In order to protect its insured, Travelers then had the duty to tender in settlement that portion of the projected money judgment which Travelers contractually agreed to pay. That amount, $100,000 per passenger, plus Rule 82 fees on the sum of the projected verdict plus pre-judgment interest, is policy limits.

The court has given considerable weight to the fact that, in any case, the scope of policy limits is primarily under the control of the carrier at the time of execution of the insurance contract. Travelers was not required to contract with its insured to pay unlimited court costs. Travelers could have limited its Rule 82 exposure by complying with 3 A.A.C. 29.010, which merely required full disclosure to the insured of a Rule 82 limitation of coverage. However, having agreed to pay unlimited Rule 82 attorney's fees, Travelers is bound by the body of Alaska jurisprudence relating to Rule 82 attorney's fees and insurance contract policy coverage limits. *Weckman v. Houger*, 464 P.2d 528, 530 (Alaska 1970).

The plaintiffs appealed the trial court's finding that, "the proper Alaska Rule Civil Procedure 82 figure is 7.5 percent." The parties stipulated to use the "without trial" schedule of Civil Rule 82. At the time this case arose, the "without trial" schedule provided for 7.5 percent; thus the parties

are bound by their stipulation.[2]

AFFIRMED.

---

**2.** We express no opinion as to whether this would be the appropriate percentage to apply absent this stipulation.