**Angela TUCKER, Appellant,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.**

**No. S–4117.**

Supreme Court of Alaska.

March 6, 1992.

Kneeland Taylor, Taylor & Hanlon, Anchorage, for appellant.

Philip J. Moberly, Bradbury, Bliss & Riordan, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

Angela Tucker brought a negligence lawsuit against Duane Jones after she and Jones were involved in an automobile acci-

dent. The lawsuit effectively ended when Tucker agreed to settle her negligence claim against Jones and, indirectly, his insurer, United Services Automobile Association (USAA), for "policy limits." In this appeal, we have been asked to decide whether the settlement for "policy limits" includes interest on the $100,000 liability coverage provided by the policy. We hold that it does. An insurance carrier's agreement to settle a claim for "policy limits" obligates the company to pay its maximum potential liability available under the policy. Since the maximum available coverage in this case includes pre-judgment interest, Tucker is entitled to prevail in her appeal.

I

Tucker moved in superior court for an order directing USAA to pay interest on her settlement recovery.[1] The court ruled in USAA's favor, without explanation. In this appeal, the parties agree that the settlement for "policy limits" included the $100,000 face amount of the policy, and $12,500 for costs and fees. Their disagreement is over whether the "policy limits" settlement includes interest on the face amount of the policy. If it does, everyone agrees that Tucker is owed an additional $20,712.33.

II

USAA's policy contains a "Supplementary Payments" clause and an "Amendatory Endorsement" to that clause. Together, these provide:

In addition to our limit of liability, we will pay on behalf of a **covered person:**

. . . .

Prejudgment interest awarded · against the **covered person** on that part of the judgment we pay. If we make an offer to pay the applicable limit of liability, we will not pay any prejudgment interest based on that period of time after the offer.

---

1. Tucker and Jones permitted USAA to substitute as party defendant in this action for the

purpose of resolving the remaining question in the case.

USAA maintains that the language of the Amendatory Endorsement unambiguously provides for payment of prejudgment interest only after full litigation and a court award of interest.[2] It argues that no reasonable policyholder could interpret the language to provide "prejudgment interest" when the parties agree to a settlement even one, such as this, which was given effect through a court order. In essence, USAA is arguing that the limits of its policy coverage depends on whether the case is settled or goes to trial. We disagree.

### III

In *Schultz v. Travelers Indemnity Co.*, 754 P.2d 265, 267 (Alaska 1988), we recognized that an insurance carrier's duty to act in good faith to protect the interests of its insured requires that it determine "the amount of a money judgment which might be rendered against its insured," and tender as settlement the maximum limits of insurance coverage when "there exists a substantial likelihood that a verdict will be rendered against the insured in excess of the coverage provided by the policy." *Id.* at 266–67. We held that the insurance carrier's contractual promise to pay "unlimited court costs," in addition to its liability limit of $100,000, obligated it to pay Civil Rule 82 attorney's fees "which would have been awarded had th[e] case gone to trial."

*Id.* at 267. We observed that the insurance carrier "was not required to contract with its insured to pay unlimited court cost," but that once it did, it was bound to pay those costs in its "policy limits" settlement.[3] *Id.*

The same reasoning applies in the case now before the court.[4] In exchange for Jones' premium payments, USAA promised to pay "prejudgment interest awarded against the covered person." This represents the outer limit of USAA's exposure under its contract, and it makes no difference whether that limitation is reached by a determination made by a court or, as here, a settlement made by the parties. Whether the disputed coverage involves the base liability limit, court costs, or prejudgment interest, it is the insured's total *potential* liability which is of concern to the insured in a "policy limits" settlement.

By offering to settle the case for "policy limits," USAA acted in conformity with its contractual obligation to its insured and, thereby, protected itself from a later charge of bad faith. *See Providence Washington Ins. Co. v. Fireman's Fund Ins. Cos.*, 778 P.2d 200, 204 (Alaska 1989). Were we to now rule that the same act somehow lessened USAA's contractual obligation to the insured, we would be allowing USAA to have its cake and eat it too. If USAA believed that a "policy limits" settlement was not warranted, *it should not*

---

2. Because this case involves a question of law, our review is *de novo*. *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979). Our duty, in such a case, "is to adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *Id.*

3. *See also, Providence Washington Ins. Co. v. Fireman's Fund Ins. Cos.*, 778 P.2d 200, 204 (Alaska 1989) (tender of policy limits means company must surrender control over funds equal to its *potential liability* under the insurance policy); *Insurance Co. of North America v. State Farm Mutual Auto. Ins. Co.*, 663 P.2d 953, 954 n. 1 (Alaska 1983); *Salmine v. Knagin*, 645 P.2d 148, 150 n. 8 (Alaska 1982); *Continental Ins. Co. v. Bayless & Roberts, Inc.*, 608 P.2d 281, 285 n. 6 (Alaska 1980). These cases, taken together, establish the fairly obvious proposition that policy limits are what an insurance company would have to pay under its policy if it went to trial and received an adverse verdict.

4. We are unpersuaded by USAA's attempts to distinguish *Schultz* from the present case. USAA argues that *Schultz* is distinguishable because it involved Civil Rule 82 attorney's fees, an item of costs, rather than prejudgment interest, an item of damages. This distinction is not relevant to the focus of our inquiry which is the extent of the insurance carrier's contractual obligation. In both cases, the carriers promised to pay the amount in question if the case had proceeded to trial. USAA also highlights the fact that the parties in *Schultz* expressly agreed that the potential judgment would exceed the limits of liability under the policy whereas in this case, the parties never so agreed. Our response to this is that the duty is placed on the insurer to determine whether the potential judgment is likely to exceed policy limits. We also note, as did the superior court in *Schultz*, "that the insurer, in fact, agreed to pay policy limits as a result of the plaintiff's demands." *Schultz* 754 P.2d at 267.

*have couched the settlement in those terms.* Having done so, USAA is liable to Tucker for an additional $20,712.33, which the parties agree represents the amount of interest on the $100,000 liability coverage provided by USAA's policy.

The superior court's judgment is REVERSED.