918 P.2d 1022 (1996)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
Kathleen M. HARRINGTON, as the Personal Representative of the Estate of Gina McCallum, Respondent.
No. S-6805.
Supreme Court of Alaska.
June 21, 1996.
*1023 Earl M. Sutherland, Reed McClure, Seattle, Washington, for Petitioner.
Alan G. Sherry, Law Office of Alan G. Sherry, Anchorage, for Respondent.
Before COMPTON, C.J., and RABINOWITZ, MATTHEWS and EASTAUGH, JJ.

OPINION
MATTHEWS, Justice.

I. FACTS AND PROCEEDINGS

On April 16, 1992, Gina McCallum, a single mother, died in an accident while a passenger in an auto driven by Donald Bowman. Bowman's vehicle was struck by a vehicle occupied by Messrs. Wrase and Harding. Wrase and Harding each claimed that the other had been driving at the time of the accident.
The personal representative of the Estate of McCallum settled the estate's claim against Wrase and Harding for a sum having an aggregate value of $289,075, exhausting their combined policy limits.
McCallum had a liability policy issued by State Farm with facial limits of $100,000 per person. Bowman had a liability policy issued by State Farm with facial limits of $50,000. Both policies provided additional coverage for prejudgment interest and attorney's fees under Civil Rule 82 and both have uninsured and underinsured motorist coverage (hereinafter U coverage). McCallum, as a passenger in Bowman's car, was an additional insured under the U coverage of Bowman's policy.
In June of 1993, State Farm paid the personal representative of McCallum's estate $100,000 under the U coverage of the McCallum policy and $55,998 under the U coverage of the Bowman policy, representing facial limits of $50,000 plus prejudgment interest of $5,998. These payments were not made in exchange for a release. The personal representative claimed that total coverage under both policies should include costs and Civil Rule 82 attorney's fees and that prejudgment interest was also due under the McCallum policy.
The personal representative brought a claim in district court against State Farm seeking sums representing the alleged additional coverage under the U coverage of the McCallum and Bowman policies. Both parties moved for summary judgment. District Court Judge William H. Fuld ruled in favor of the personal representative. Judge Fuld noted that insurance companies are statutorily required to "offer uninsured and underinsured motor vehicle coverage with limits at least equal to those of liability coverage...." Because the "parties agree[d] that State Farm had to offer Rule 82 attorney fee coverage and pre-judgment interest under the liability policies issued in this case," Judge Fuld reasoned that the limits of the liability coverage included attorney fee and prejudgment interest coverage and therefore those limits had to be offered as part of the U coverage.
*1024 State Farm appealed to the superior court. The personal representative cross-appealed, arguing that the district court had erred in failing to calculate attorney's fees under the "contested with trial" column of Civil Rule 82(b).
In the superior court the parties stipulated that the Estate of McCallum had not been fully compensated and that the question presented to the court was "a legal issue as to the amount due as a `policy limits' settlement from State Farm. The parties stipulate that State Farm will pay `policy limits' as determined by the court."
The superior court ruled in favor of the personal representative. Following oral argument, Superior Court Judge Joan M. Woodward entered the following order on record:
[M]y ruling is going to be to agree with the plaintiff appellee.... I think that under Statute [21.89.020(c)],[1] the insurance company has to offer the same limits of liability for UI, or same policy limits, as are offered under the liability insurance. In this case the liability insurance includes interest on judgment for that part of the judgment that the insurance company pays, and Rule 82 fees for contested case up to, again, the policy limits. And clearly here State Farm has, as it is entitled to do, limited its attorney fees beyond what otherwise [would] have been required under say Schultz [v. Travelers Indemnity Co., 754 P.2d 265 (Alaska 1988)], which would allow fees based on a projected verdict as opposed to based on the policy limits.
The superior court denied State Farm's petition for rehearing and remanded the case to the district court for entry of a final judgment. State Farm petitioned this court for hearing. We granted the petition.

II. POLICY AND STATUTORY LANGUAGE

The following policy provisions are relevant to our decision. The declaration sheet of the Bowman policy[2] provides:

 COVERAGES
 A BODILY INJURY....
 LIMITS OF LIABILITY  COVERAGE A  BODILY INJURY
 EACH PERSON
 50,000
 ....
 U UNINSURED AND UNDERINSURED MOTOR VEHICLE
 LIMITS OF LIABILITY  U  BODILY INJURY
 EACH PERSON
 50,000

The insuring agreement under liability coverage A contains a promise to "pay damages which an insured becomes legally liable to pay because of: (a) bodily injury to others[.]" Further, State Farm promised:
In addition to the limits of liability, we will pay for an insured any costs listed below resulting from such accident.
1. Court costs of any suit for damages.
2. Interest on damages owed by the insured due to a judgment and accruing:
a. after the judgment and until we pay, offer or deposit in court the amount due under this coverage; or
b. before the judgment, where owed by law, but only on that part of the judgment we pay.
....
The most we will pay for attorney fees taxed against an insured under Rule 82 of the Alaska Rules of Civil Procedure is the amount allowed under that Rule for a contested case with a judgment equal to the *1025 applicable limit of liability of this policy. The insured will be responsible for any attorney fees taxed beyond this amount.
Coverage U provides in relevant part:
We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle or an underinsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle or an underinsured motor vehicle.
Limits of Liability  coverage U:
5. The most we pay will be the lesser of:
a. the difference between the amount of the insured's damages for bodily injury or property damage, and the amount paid to the insured by or for any person or organization who is or may be held legally liable for the bodily injury or property damage; or
b. the limit of liability of this coverage.
Limits of Liability  coverage UI:
3. The most we pay will be the lesser of:
a. the difference between the amount of the insured's damages for bodily injury, and the amount paid to the insured by or for any person or organization who is or may be held legally liable for the bodily injury; or
b. the limit of liability of this coverage.
Alaska Statute 21.89.020 applies to the policies. Relevant to this case is subsection (c)(1) which provides:
(c) An insurance company offering automobile liability insurance in this state for bodily injury or death shall, initially and at each renewal, offer coverage prescribed in AS 28.20.440 and 28.20.445 or AS 28.22 for the protection of the persons insured under the policy who are legally entitled to recover damages for bodily injury or death from owners or operators of uninsured or underinsured motor vehicles. The limit written may not be less than the limit in AS 28.20.440 or AS 28.22.101. Coverage required to be offered under this section must include the following options:
(1) policy limits equal to the limits voluntarily purchased to cover the liability of the person insured for bodily injury or death[.]
State Farm relies on AS 21.89.020(f)(1) which states:
(f) An automobile liability insurance policy must provide
(1) that all expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration or mediation shall be paid as determined by the arbitrator.

III. DISCUSSION

As this case is currently presented, both parties are in agreement that State Farm should pay to the personal representative policy limits under the U coverage of the Bowman and McCallum policies. The question is whether policy limits include sums for prejudgment interest and Civil Rule 82 attorney's fees. We answer this question in the affirmative for reasons similar to those expressed by Judges Fuld and Woodward.
Alaska Statute 21.89.020(c)(1) requires that an insurance company offer U coverage "equal to the limits voluntarily purchased" by the insured for liability protection. The coverage required under subsection (c) may be waived (in writing) by the insured. AS 21.89.020(e). No waivers were given in this case. Where required coverage is not waived it must be provided. If a policy does not provide the required coverage it will be reformed to conform with statutory requirements. Hughes v. Harrelson, 844 P.2d 1106, 1107 (Alaska 1993); Burton v. State Farm Fire & Casualty Co., 796 P.2d 1361, 1363 (Alaska 1990); Hillman v. Nationwide Mut. Fire Ins. Co., 758 P.2d 1248, 1250-53 (Alaska 1988).
The McCallum and Bowman policies do not, taken alone, provide for prejudgment interest or attorney's fees under their U coverages. The statute, AS 21.89.020(c), requires U coverage equal to the limits of liability coverage voluntarily purchased by the insured. Does this refer to the numerical facial limit, or include protection afforded in addition to facial limits for items such as prejudgment interest, costs and attorney's fees? We hold that the statute calls for *1026 protection in addition to facial limits for two reasons.
First, the evident purpose of section 020(c)(1) is to provide for the insured, as an injured claimant, the same benefit level as that provided by the insured to those asserting claims against the insured. In this case, the insureds in their liability coverages have protected themselves against, and thus provided benefits to claimants for, prejudgment interest and attorney's fees in addition to facial policy limits. A claimant against McCallum, for example, obtaining a policy limits recovery would receive not only the facial limits of the policy, $100,000, but a Rule 82 attorney's fee award computed on $100,000, $12,500, and prejudgment interest calculated on the amount paid by the insurance company. Given the purpose of section 020(c)(1), the same benefits should be available to McCallum's personal representative.
Second, in our jurisprudence, the term "policy limits" has been construed to include not only facial limits but such other sums as are payable in addition to facial limits. For example, in Hughes v. Harrelson, 844 P.2d 1106 (Alaska 1993), the insurer made a "policy limits" offer. We construed that offer to include the facial limits of the insurance policy plus prejudgment interest which was required by statute to be included in the policy in addition to facial limits. Similarly, in Schultz v. Travelers Indemnity Co., 754 P.2d 265, 267 (Alaska 1988), we adopted a definition of policy limits which included the facial limits of the policy plus attorney's fees and prejudgment interest:
Travelers had the legal duty to make a determination as to the amount of money judgment which might be rendered against its insured. In order to protect its insured, Travelers then had the duty to tender in settlement that portion of the projected money judgment which Travelers contractually agreed to pay. That amount, $100,000 per passenger, plus Rule 82 fees on the sum of the projected verdict plus pre-judgment interest, is policy limits.

(Emphasis added.) In Providence Washington Ins. Co. v. Fireman's Fund Ins. Cos., 778 P.2d 200 (Alaska 1989), we ruled that in order for an insurance company's settlement offer to amount to a tender of policy limits, the insurance company must surrender control of funds equal to its maximum potential liability under the policy. Id. at 204. In Tucker v. United Services Automobile Association, 827 P.2d 440, 441 (Alaska 1992), we held that a "policy limits" offer included not only the facial limits of the policy, $100,000, but additional sums of $12,500 for costs and fees and $20,712.33 for prejudgment interest. We stated: "An insurance carrier's agreement to settle a claim for `policy limits' obligates the company to pay its maximum potential liability available under the policy." Id. at 440. Concerning our prior cases on the meaning of policy limits we also stated: "These cases, taken together, establish the fairly obvious proposition that policy limits are what an insurance company would have to pay under its policy if it went to trial and received an adverse verdict." Id. at 441 n. 3.
State Farm argues that AS 21.89.020(f)(1), quoted above at page 1025, requires that attorney's fees not be included within policy limits. State Farm argues:
If a U coverage claim proceeds to arbitration, the arbitrators are precluded by statute from an award of attorney's fees. Thus, the decision of the lower courts reduces the U coverage insurer's obligation if it takes the matter to arbitration. That result is absurd. It cannot be squared with a reasonable construction of the statutes at issue.
The personal representative's rejoinder is that subsection (f)(1) only excludes from mandated coverage counsel fees or adjusted fees incurred because of arbitration; it does not exclude, or even refer to, fees that would be awarded in court under Civil Rule 82 in litigation against an uninsured motorist:
If the matter were to go to arbitration, McCallum would be entitled to claim, as policy limits, an award of attorney's fees which would be recovered against the offending drivers as uninsured motorists. The question of award of fees in the arbitration itself, would be addressed separately.
*1027 We agree with the personal representative's position. Rule 82 attorney's fees are not counsel fees incurred because of arbitration or mediation and thus do not fall within the purview of subsection (f)(1).
State Farm also argues that our decision in Burton, 796 P.2d at 1363, mandates reversal. In Burton we held that an insured injured while a passenger in his own (insured) vehicle was entitled to U coverage protection under the applicable statute. The question whether the insured was entitled to interest or fees in excess of facial policy limits was not raised or resolved and thus Burton does not support State Farm's position.

IV. CONCLUSION

For the above reasons the order of the superior court is AFFIRMED.
MOORE, J., not participating.
NOTES
[1] Transcription error corrected.
[2] The terms of the McCallum policy are identical except that they provide for limits of $100,00 under coverage A and U rather than $50,000.