**Robert J. HUGHES, Petitioner,**

v.

**Julie A. HARRELSON, and Progressive Insurance Co., Respondents.**

No. S–4746.

Supreme Court of Alaska.

Jan. 15, 1993.

Joseph L. Paskvan, Hoppner, Paskvan & Taylor, Fairbanks, for petitioner.

1. Harrelson's policy only provided for payment of post-judgment interest. Under "Additional Payments," the policy stated in part:
   For an insured person, we will pay, in addition to our limit of liability:

Susan M. West, Robertson, Monagle & Eastaugh, Anchorage, for respondent Progressive Insurance.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

## I. INTRODUCTION

Robert Hughes was injured when the motorcycle he was driving collided with an automobile driven by Julie Harrelson. Harrelson was insured under a policy issued by Progressive Insurance Company (Progressive). The policy contained a $50,000 bodily injury liability limitation.

Harrelson admitted liability. Progressive extended a "policy limits offer" of $50,000. In a motion for a statement of law, Hughes sought a ruling that Harrelson's insurance policy and two Alaska statutes, the Motor Vehicle Safety Responsibility Act (AS 28.20.010–.640) and the Mandatory Motor Vehicle Insurance Act (AS 28.22.011–.321), require Progressive to pay prejudgment interest even though the interest would exceed the $50,000 liability limit. The superior court denied Hughes' motion.

We reverse.

## II. DISCUSSION

■■■ We have previously stated that "[i]n order to hold the insurer liable for [ ] prejudgment interest, the insurer must have assumed such an obligation in the contract or, alternatively, public policy must intervene and impose the obligation despite the terms of the insurance contract." *Guin v. Ha*, 591 P.2d 1281, 1284 (Alaska 1979). We agree with Harrelson that nothing in Progressive's insurance policy requires the payment of prejudgment interest on the $50,000 liability coverage.[1]

. . . .

2. Interest on damages awarded in any suit we defend accruing after judgment is

However, two statutory provisions providing for minimum automobile insurance coverage convince us that "public policy must intervene and impose the obligation despite the terms of the insurance contract." *Id.*

Alaska Statute 28.20.440(b), a section of Alaska's Motor Vehicle Responsibility Act, reads in part:

(b) The owner's policy of liability insurance must

. . . .

(2) insure the person named ... against loss from liability imposed by law for damages arising out of the ownership, maintenance, or use of the vehicle ..., *subject to limits exclusive of interests and costs,* with respect to each vehicle, as follows: $50,000 because of bodily injury to or death of one person in any one accident,

. . . .

(Emphasis added). Alaska Statute 28.22.-101(d), a section of Alaska's Mandatory Insurance Act, reads in part:

(d) A motor vehicle liability policy must provide coverage in the United States or Canada, *subject to limits exclusive of interest and costs,* with respect to each vehicle, as follows:

(1) $50,000 because of bodily injury to or death of one person in one accident,

. . . .

(Emphasis added).

We are bound to construe statutory words and phrases according to their common and approved usage. AS 01.10.040. The phrase "exclusive of" is defined as "not taking into account." Webster's Third International Dictionary 793 (1969). Thus, the phrase "subject to limits exclusive of interests and costs" [2] means that prejudgment interest should not be taken into account when calculating the mandated minimum policy limit for bodily injury or death.

To effectuate the language of the statutes, if the policy limit is the statutory minimum, an insurer must pay prejudgment interest in addition to the policy limit. *See Mellenberger v. Sweeney,* 800 P.2d 747, 748–50 (Okla.Ct.App.1990) (court held that insurer was required to pay prejudgment interest in excess of the policy limits where statute required automobile insurance policies provide $10,000 minimum bodily injury coverage "exclusive of interest and costs"); *Burton v. Foret,* 498 So.2d 706 (La.1986); *Denham v. Bedford,* 407 Mich. 517, 287 N.W.2d 168 (1980). In enacting the Motor Vehicle Responsibility Act the legislature expressly declared its purpose:

The legislature is concerned over the rising toll of motor vehicle accidents and the suffering and loss inflicted by them. The legislature determines that it is a matter of grave concern that motorists be financially responsible for their negligent acts so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them. The legislature finds and declares that the public interest can best be served by the requirements that the operator of a motor vehicle involved in an accident respond for damages and show proof of financial ability to respond for damages in future accidents as a prerequisite to the person's exercise of the privilege of operating a motor vehicle in the state.

AS 28.20.010 This intended purpose would be subverted if the "innocent victim" is deprived of the prejudgment benefits of an award. As we have previously noted, "money is worth less the later it is received." *Guin,* 591 P.2d at 1290.

As we stated in *Guin:*

From the date of the injury, it is the insurer who will have the use and benefit of any sums, up to the policy limit, later

entered and before we have paid, offered to pay, or deposited in court that portion of the judgment which is not more than our limit of liability.

**2.** We note that AS 28.20.440(b) uses the word "interests" while "interest" is used in AS 28.22.-

101(d). This difference is of no importance to our analysis. *See* AS 01.10.050(b) ("Words in the singular number include the plural, and words in the plural number include the singular.").

**1108**

found to be owed to the injured party. Economic fairness would suggest that the insurer be held liable for prejudgment interest, without regard to policy limits, as it has had the use and benefit of funds during the period for which the defendant insured is being held liable. *Id.* The issue in *Guin* was whether public policy dictated that we ignore the provisions of a medical malpractice insurance contract in order to require an insurer to pay prejudgment interest in excess of the policy's limit. *Id.* at 1289–91. We found in *Guin* that although "strong public policy arguments exist on either side of the issue ... no compelling reason [exists] to override the provisions of the contract which the parties have entered into." *Id.* at 1291.

There *is* a compelling reason to override the insurance contract in this case. The crucial difference here is that statutes mandate that automobile operators obtain a certain amount of minimum insurance coverage and that insurers write policies providing that minimum coverage. This is "sufficient grounds for restructuring the contractual relationship between insured and insurer." *Id.* at 1290. Thus, we hold that an insurer must pay prejudgment interest on the minimum policy limits established in AS 28.20.440(b) and AS 28.22.101(d).

The superior court's order denying Hughes' motion for a statement of law is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

MOORE, J., dissents.

MOORE, Justice, dissenting.

The court today ignores our long-standing analytical distinction between prejudgment and postjudgment interest. Prejudgment interest is an element of damages. *Davis v. Chism*, 513 P.2d 475, 481 (Alaska 1973). Postjudgment interest is "true" interest. *See Allstate Ins. Co. v. Allen*, 797 P.2d 46, 49–50 (Colo.1990). In the insurance context, our precedent for the past thirteen years has dictated that because prejudgment interest is an item of compensatory damages, it "falls within the liability

damage clause in the insurance contract and *is subject to the amount limitation contained therein.*" *Guin v. Ha*, 591 P.2d 1281, 1287 (Alaska 1979) (emphasis added). In fact, we expressly stated that an "insurer is not liable for prejudgment interest in excess of policy limits," *id.* at 1282, adopting the majority rule. *See* John A. Appleman, *Insurance Law & Practice* § 4894.25 (Stephen Liebo ed., Supp.1991).

"[W]e believe our legislature is presumed to be aware of common law terms of art and the meaning such terms will carry into the courtrooms of this state." *Sears v. State*, 713 P.2d 1218, 1219 (Alaska App. 1986). Nothing in AS 28.20.440(b)(2) or AS 28.22.101(d) suggests the legislature intended to eliminate the common law distinction between prejudgment and postjudgment interest. Nothing in the statutes suggests the legislature intended to remove the common law majority rule policy limit cap on an insurer's liability for prejudgment interest. Rather, the legislature's reason for including the "exclusive of interests" language in the statutes was to recognize that the law or policy provisions may require insurers to pay "true," postjudgment interest.

The majority rule is that insurers are not liable for prejudgment interest in excess of the policy limits. It is highly doubtful that the Alaska legislature intended either the Motor Vehicle Safety Responsibility Act of 1959, ch. 163 SLA 1959, or the Mandatory Automobile Insurance Act of 1989, ch. 108 SLA 1989, to alter this rule. Hughes points to no legislative history in support of his legislative intent argument. The trial court's ruling that Progressive need not indemnify Harrelson for prejudgment interest in excess of policy limits should be affirmed.