Ursula WING, Appellant,

v.

GEICO INSURANCE COMPANY, Appellee.

No. S–9154.

Supreme Court of Alaska.

Feb. 23, 2001.

784

Michaela Kelley Canterbury, Kelley & Kelley, Anchorage, for Appellant.

Dana S. Burke and Mark E. Wilkerson, Wilkerson & Associates, Anchorage, for Appellee.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

### OPINION

CARPENETI, Justice.

## I. INTRODUCTION

Ursula Wing appeals an arbitration award she received against her insurer for damages she suffered from an accident caused by an uninsured motorist. She contends that the arbitration panel exceeded its authority in reducing its preliminary award, in failing to award attorney's fees to her, and in awarding expert fees against her. Because the arbitration panel did not exceed its authority, we affirm the panel's decision.[1]

## II. FACTS AND PROCEEDINGS

Ursula Wing was injured by an uninsured motorist who rear-ended her car in August 1994. She suffered both economic loss, including medical damages, and non-economic loss. GEICO, her automobile insurance carrier, made preliminary payments of $7,527.36 for medical expenses and $6,000 for economic loss. GEICO offered Wing $21,000 to settle

her claim in May 1997. Wing rejected GEICO's offer, and instead filed an uninsured motorist arbitration claim seeking a greater award.

In July 1998 GEICO made what it called an "offer of judgment" for $33,557 in the arbitration [2] that included payment for attorney's fees, costs, and interest. The offer also reserved GEICO's right to offset the benefits previously paid to Wing. Wing did not accept the offer, and instead pursued arbitration provided for under the insurance agreement.

The arbitration panel made its preliminary arbitration award on August 13, 1998. The arbitration panel awarded Wing a total of $33,078.90 in past non-economic and economic losses, plus interest. The panel did not award costs or attorney's fees because the panel found that the governing insurance policy provided that each side would bear its own attorney's fees. The panel also held that the language of the insurance policy was not prohibited under our ruling in State Farm Mutual Automobile Insurance Company v. Harrington.[3] The panel then invited the parties to submit briefing on the division of the arbitrator fees, expert fees, and other arbitration costs. Finally, the panel noted that it had not determined offsets and, if disputed, invited submissions on that issue as well.

After reviewing the parties' briefs on the issues of offsets and arbitration fees, the panel issued its final arbitration award on September 18. The panel reduced the payable arbitration award to $14,987.70 by deducting allowable expert fees, and presumably, although not explicitly, by deducting the offsets claimed by GEICO.[4] The panel also addressed the issue of allocating the financial burden of the arbitrators' fees for the three-person arbitration panel. The panel ordered Wing to pay in full for her ap-

---

1. Wing also argues that the superior court erred in considering an affidavit filed by the arbitration panel and in misapplying the collateral source rule. We find no prejudicial error in the superior court's treatment of these issues.

2. As of July 1998 no civil action had been filed concerning the accident.

3. 918 P.2d 1022 (Alaska 1996).

4. GEICO later submitted to the superior court an affidavit of the neutral arbitrator, made after consulting with the other two arbitrators, which explained that the panel calculated the final award by subtracting GEICO's claimed offsets plus interest and $300 in expert witness fee costs (six hours at $50.00 per hour) from the preliminary award.

pointed arbitrator and for one-half the cost of the neutral arbitrator. Likewise, the panel ordered GEICO to pay in full for its appointed arbitrator and for the other half of the neutral arbitrator.

Wing filed a petition in the superior court seeking to have the arbitration award modified or vacated. Wing argued that the arbitration panel exceeded its authority based on the reduction of the preliminary award, the failure to award attorney's fees, and the assessment of expert fees. Superior Court Judge Sen K. Tan denied Wing's requested relief in May 1999.

Wing now appeals the superior court's decision affirming the arbitration award.

## III. STANDARDS OF REVIEW

■ Our review of an arbitrator's decision under AS 09.43.120 is limited primarily to issues of arbitrability.[5] Whether the arbitrator's decision on the merits is supported by record evidence is generally not reviewable;[6] "[t]he fact that the relief is such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."[7]

When reviewing an arbitrator's decision for modification or correction under AS 09.43.130, we may examine the award for: (1) an "evident miscalculation of figures," (2) whether the "arbitrators have awarded upon a matter not submitted to them," or (3) whether "the award is imperfect in a matter of form not affecting the merits."[8]

## IV. DISCUSSION

A. The Arbitration Panel Did Not Exceed Its Authority by Reducing Its Preliminary Award.

■ The arbitration panel reduced its initial total award of $33,078.90 to $14,987.70 after receiving the parties' invited briefings

on the issues of costs and fees, and offsets. Wing argues that the arbitration panel's final award should be vacated because the panel did not have the authority to make such a reduction. In particular, Wing complains that the panel did not provide any reason except for the explanation that the reduction was "for allowable expert fees."[9]

■ A court may vacate an arbitration award only upon a finding that:

(1) the award was procured by fraud or other undue means;

(2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of a party;

(3) the arbitrators exceeded their powers;

(4) the arbitrators refused to postpone the hearing upon sufficient cause being shown for postponement or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of AS 09.43.050, as to prejudice substantially the rights of a party; or

(5) there was no arbitration agreement and the issue was not adversely determined in proceedings under AS 09.43.020 and the party did not participate in the arbitration hearing without raising the objection.[10]

Wing argues that the panel exceeded its authority under subsection .120(a)(3) by reducing its preliminary award without giving a complete explanation for the reduction.

We reject Wing's argument because it is not consistent with the natural meaning of subsection .120(a)(3), which allows judicial review only to determine if an arbitration panel exceeded its powers (and not for failure to give a complete explanation). One of the primary powers explicitly granted to the ar-

5. See Ahtna, Inc. v. Ebasco Constructors, Inc., 894 P.2d 657, 661 (Alaska 1995) (quoting Masden v. University of Alaska, 633 P.2d 1374, 1376–77 (Alaska 1981)).

6. See Alaska State Housing Auth. v. Riley Pleas, Inc., 586 P.2d 1244, 1247–48 (Alaska 1978).

7. AS 09.43.120(b).

8. AS 09.43.130.

9. Wing's separate argument that the award of expert fees was improper will be individually addressed below.

10. AS 09.43.120(a).

bitration panel by the governing insurance policy in this case was the power to determine "the amount payable" under the policy. Thus, the panel's adjustment of the preliminary award was an appropriate exercise of its power.

### B. Wing Was Not Entitled to Civil Rule 82 Attorney's Fees Computed on the Arbitration Award.

■ Wing argues two theories to support her position that she was entitled to Rule 82 attorney's fees calculated against the initial arbitration award. Wing's first theory relies on the "mirror rule" we announced in *State Farm Mutual Automobile Insurance Company v. Harrington.*[11] Wing's second theory broadly interprets Civil Rule 82 and argues for an extension requiring an award of attorney's fees to a successful claimant in uninsured/underinsured motorist (UM) arbitration.

#### 1. The "mirror rule" we announced in Harrington does not apply to Wing.

Wing argues that the arbitration panel should have awarded her Civil Rule 82 attorney's fees.[12] Wing cites *Harrington*[13] for support, arguing that our interpretation of AS 21.89.020(c) in *Harrington* requires all UM policies to include attorney's fees and costs.

There are two problems with Wing's argument. First, the insurance policy governing this arbitration explicitly provided that each side would bear its own attorney's fees. Since there is no legal infirmity with this contractual provision, the arbitration panel rightly concluded that each side should pay its own attorney's fees. Second, Wing seeks to extend *Harrington*, which held that an award of attorney's fees was required under the policy limits provision of a liability poli-

cy,[14] to the arbitration setting. We find no basis for doing so.

Accordingly, we do not extend the "mirror rule" of *Harrington* to require an attorney's fees award to all claimants that receive a monetary award in UM insurance arbitration proceedings.

#### 2. Civil Rule 82 does not apply to parties that receive monetary awards in UM insurance arbitration proceedings.

■ Wing also appears to make an independent argument that Civil Rule 82 should be extended to all parties that receive monetary awards in UM insurance arbitration. Wing cites no authority for the proposition that Rule 82 should apply to arbitration proceedings, except the extension of the statute-based *Harrington* argument addressed above. Since Rule 82 applies by its own terms only to "civil cases," we do not extend its application to UM insurance arbitration proceedings.

### C. The Arbitration Panel Properly Awarded Expert Witness Fees to GEICO Under AS 21.89.020(f)(1).

■ Wing argues that the arbitration panel exceeded its authority when it awarded $300 in expert witness fees to GEICO. Wing asserts that this was a violation of AS 09.43.120(a)(3) because the arbitration section of the insurance policy provided that "[a]ttorney's fees and fees paid to medical or other expert witnesses are to be paid by the party incurring them." The arbitration panel addressed this issue in its decision, stating, "The GEICO Insurance policy also provides that certain arbitration costs, such as expert witness fees, shall also be borne by the parties. That language is in direct conflict with AS 21.89.020(f)(1)." The arbitration panel

---

**11.** 918 P.2d 1022 (Alaska 1996) (holding that as a "mirror" to liability coverage, UM coverage provides for payment of prejudgment interest, costs, and attorney's fees above the facial policy limit when actual damages have exhausted the policy.)

**12.** Alaska R. Civ. P. 82(a) provides: "Except as otherwise provided by law or agreed to by the

parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule."

**13.** 918 P.2d at 1025–26.

**14.** *Id.*

proceeded to consider the issue of expert fees.

Alaska Statute 21.89.020(f)(1) provides:

An automobile liability insurance policy must provide that all expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration or mediation shall be paid as determined by the arbitrator.

■ The arbitration panel therefore correctly determined the scope of its authority in conformity with a controlling statute.[15] Accordingly, we will not disturb its award of expert fees to GEICO.

### D. The Collateral Source Rule Does Not Apply Under the Facts of This Case.

■ Finally, Wing argues that our holding in *Falconer v. Adams,*[16] that collateral source payments cannot be offset against an award of damages, applies to this case because the two cases are factually similar. Wing is wrong. GEICO made all the relevant payments to Wing, or directly on her behalf, whereas in *Falconer* the issue involved credit, in the form of offsets, claimed by one defendant for payments made to the plaintiff by another defendant.

Because all payments were made by GEICO for or to Wing, there was no collateral source to be considered. No legal or logical basis exists to allow Wing to double recover under both the medical and UM portions of her insurance policy. Accordingly, we reject Wing's collateral source argument.

---

**15.** In *Harrington* we held that "[i]f a policy does not provide the required coverage it will be reformed to conform with statutory requirements." *Harrington,* 918 P.2d at 1025.

The arbitration panel thus had the authority to reform the contract language—"Attorney's fees and fees paid to medical or other expert witnesses are to be paid by the party incurring them"—in a way that would conform to the statute. To conform to the statute, this language should be reformed along the following lines: "Attorney's or adjuster's fees are to be paid by the party incurring them; all other expenses and fees shall be paid as determined by the arbitrators."

**16.** 974 P.2d 406, 411–13 (Alaska 1999).

### E. Wing Was Not Prejudiced by the Superior Court's Consideration of the Arbitrator's Affidavit.

■ Wing also argues that the superior court should not have considered the affidavit submitted by one of the arbitrators at the request of GEICO. GEICO submitted the affidavit in a filing of "supplemental authority." The affidavit was submitted by the third, neutral arbitrator after consultation with the other two members of the panel. It was solicited by GEICO to support "how the arbitration panel calculated the amount of the final award." GEICO submitted the affidavit under Civil Rule 77(*l*).

### 1. The superior court erred by considering GEICO's submission of the arbitrator's affidavit.

The superior court's acceptance and consideration of GEICO's affidavit under Rule 77(*l*) was error because that rule only provides for submission of citations to legal authorities that come to the attention of a party after that party's memorandum has been filed.[17] The arbitrator's affidavit was not a legal authority. It was a clarification of the arbitration panel's final decision, and the rationale for it.

The proper procedure for this situation is provided by AS 09.43.090:

On application to the arbitrators by a party or, if an application to the court by a party is pending under AS 09.43.110–09.43.130 on submission to the arbitrators by the court under the conditions the court may order, the arbitrators may modify or correct the award upon the grounds stated

---

**17.** Civil Rule 77(*l*) provides:

When pertinent authorities come to the attention of a party after the party's memorandum has been filed, or after oral argument but before decision, the party may promptly advise the court, by letter, with a copy to adversary counsel, setting forth the citations. There must be a reference either to the page of the memorandum or to a point argued orally to which the citations pertain, but the letter may not contain argument or explanations. Any response must be made promptly and must be similarly limited.

in AS 09.43.130(a)(1) and (3), or *for the purpose of clarifying the award.*[18]

Thus, the superior court could have sent the final award back to the arbitration panel with an order to clarify, modify, or explain the rationale behind it. However, consideration of GEICO's submission of the individual arbitrator's affidavit was improper under Rule 77(*l*).

### 2. *Consideration of the arbitrator's affidavit was not prejudicial to Wing.*

Although procedurally improper, the superior court's consideration of the affidavit was not prejudicial to Wing. The final award is adequately explained by simple subtraction and by reviewing the memoranda of the parties submitted at the panel's request to address the issues of costs and fees, and offsets. Thus, Wing suffered no prejudice because the final award is supported by logic and record materials. Moreover, an inadequate record or explanation of the award is not a sufficient basis for judicial review.[19] We therefore do not disturb the arbitration award.

## V. CONCLUSION

Because the arbitration panel did not exceed its powers, we AFFIRM the arbitration award.

---

18. AS 09.43.090 (emphasis added).

19. *See* AS 09.43.120, AS 09.43.130; *Riley Pleas,* 586 P.2d at 1247–48.