STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,

v.

Donna LESTENKOF, Personal Representative of the Estate of Timothy Lestenkof, Appellee.

No. S–11754.

Supreme Court of Alaska.

March 9, 2007.

Rehearing Denied April 6, 2007.

---

Kimberlee A. Colbo, Hughes Bauman Pfiffner Gorski & Seedorf LLC, Anchorage, for Appellant.

Phillip Paul Weidner, A. Cristina Weidner Tafs, Weidner & Associates, Inc., Anchorage, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

## I. INTRODUCTION

This case presents the question of whether an automobile insurer must pay unlimited Alaska Civil Rule 82 attorney's fees to settle an underinsured motorist insurance claim if it has already paid unlimited fees on the same underlying projected jury verdict to settle a liability insurance claim. We conclude that because the policyholder was not underinsured with respect to court-awarded attorney's fees, the insurer need not pay any additional attorney's fees.

## II. FACTS AND PROCEEDINGS

On September 25, 1998, an automobile driven by Keith Odden collided with a motor home driven by Warren Redfearn. Timothy Lestenkof, a passenger in Odden's car, died from the injuries he sustained in the crash.

At the time of the accident, Odden carried an automobile insurance policy issued by State Farm. The policy included liability coverage of up to $50,000 of bodily injury per person and $100,000 per accident, with equivalent uninsured/underinsured motorist (UIM) coverage.

As State Farm's attorney acknowledged during oral argument, the facts of this case are unusual because Odden's policy, unlike most policies issued in Alaska, did not contain a valid endorsement limiting Alaska Civil Rule 82 attorney's fees.[1] While Odden's policy did include language purporting to limit attorney's fees, the attempted limitation failed to conform with an Alaska Division of Insurance form, Attorney Fees Coverage Notice A, and was therefore invalid.[2] The central purpose of Notice A is to inform the policyholder that the insurer "will not pay that portion of any attorney's fees that is in excess of fees calculated by applying the schedule for contested cases in Alaska Rule of Civil Procedure 82(b)(1) to the limit of liability of the applicable coverage."[3] Since State Farm failed to validly limit its attorney's fees coverage, State Farm remained responsible for paying unlimited Rule 82 fees to those with liability claims against Odden.[4]

---

1. Endorsements limiting or attempting to limit the amount of Rule 82 fees payable as costs under a liability insurance policy are discussed in *Russell v. Criterion Ins. Co.*, 917 P.2d 664 (Alaska 1996), and *Therchik v. Grant Aviation, Inc.*, 74 P.3d 191 (Alaska 2003).

2. 3 Alaska Administrative Code (AAC) 26.550(a)(1)(A). Attorney Fees Coverage Notice A is the notice that must be conformed to for the liability policy at issue here. Alaska Dep't of Commerce & Econ. Dev., Div. of Ins., Attorney Fees Coverage Notice A, *available at* http://www.dced.state.ak.us/insurance/bulletins/96–04.htm.

In *Therchik*, 74 P.3d at 195–98, we held that an endorsement that did not conform with Notice A was invalid. The insurer was therefore liable for full Rule 82 fees.

3. Alaska Dep't of Commerce & Econ. Dev., Div. of Ins., Attorney Fees Coverage Notice A, *available at* http://www.dced.state.ak.us/insurance/bulletins/96–04.htm.

4. *Therchik*, 74 P.3d at 195–98; 3 AAC 26.510 (requiring insurers who have "a right or duty to provide a defense for an insured" to "provide coverage for the payment of attorney fees taxable

Donna Lestenkof, Timothy's widow and the personal representative of his estate, pursued a wrongful death claim against Odden.[5] State Farm began settlement negotiations by offering Lestenkof $50,000, which State Farm described as "the settlement value of this matter."

While settlement negotiations under Odden's liability policy were ongoing, State Farm sent Lestenkof's attorney a check for $62,313 pursuant to Odden's UIM coverage. The $62,313 figure included $50,000, the amount of the facial policy limit, and prejudgment interest and Rule 82 attorney's fees calculated based on that limit. The $62,313 was not a settlement but rather an advance payment of the minimum that State Farm believed it owed Lestenkof under the UIM policy.

State Farm subsequently made another offer to settle Lestenkof's liability coverage claim against Odden, this time in the amount of $172,160.27, which consisted of the $50,000 facial limit of the policy, prejudgment interest on the $50,000 amount, and Rule 82 fees based on the assumption that the claim had gone to a jury trial and the jury had returned a verdict of $1,000,000. Lestenkof accepted the offer.

Lestenkof also appears to have settled with the insurer of the other driver, Redfearn, for approximately $124,000, the amount of Redfearn's policy limits.

Once State Farm settled the liability claim against Odden, Lestenkof asked State Farm to pay approximately an additional $110,000 under Odden's UIM coverage. The $110,000 amount represented the difference between what State Farm had just paid in the liability settlement ($172,160.27) and the advance payment State Farm had already made pursuant to the UIM coverage ($62,313). Lestenkof argued that the $172,160.72 liability settlement amount represented full liability policy limits and implied that the UIM policy should have the same full policy limits.

State Farm disagreed. State Farm argued that because Lestenkof had already received, as part of the advance payment made under Odden's UIM insurance, the $50,000 facial policy limit of the UIM policy and prejudgment interest and attorney's fees calculated on that amount, the additional amount Lestenkof was now requesting constituted attorney's fees on a projected $1,000,000 verdict. According to State Farm, because the estate had already received Rule 82 attorney's fees based on that verdict as part of the liability settlement, it was not entitled to any additional fees. Indeed, State Farm believed that it had already paid too much in the way of attorney's fees since it had included some fees in its advance UIM payment.

The parties were unable to resolve their disagreement. State Farm ultimately filed a complaint asking the superior court to declare that Lestenkof had no right to unlimited Rule 82 attorney's fees as part of Odden's UIM coverage, arguing that an additional payment would result in Lestenkof receiving a double recovery. Both parties filed for summary judgment.

After reviewing the motions for summary judgment, the superior court concluded that "State Farm remains obligated to pay unlimited Rule 82 attorney's fees under its UIM coverage." The superior court provided two reasons for its conclusion. First, the superior court explained that it understood from *State Farm Mutual Automobile Insurance Co. v. Harrington*[6] that if "an insurance policy includes a valid limitation on attorney's fees, 'policy limits' include attorney's fees on the face amount of the policy, and that if liability and UIM coverage are both in place, fees must be paid on both." As a result, the superior court viewed State Farm's argument that it should not have to pay fees under both types of coverage in this case as an argument that insurance policies without Rule 82 attorney's fees limitations should be

---

as costs against the insured under Alaska Rule of Civil Procedure 82"); 3 AAC 26.550 (permitting insurers to limit their attorney's fees exposure only if they include a valid limiting endorsement in the insured's policy).

5. All references to Lestenkof in this opinion are to Donna Lestenkof in her capacity as the personal representative of her husband's estate.

6. 918 P.2d 1022 (Alaska 1996).

treated differently from policies containing such limitations, something the court was unwilling to do. Second, the superior court pointed out that there was insufficient evidence to assess State Farm's double recovery argument, since the parties had not agreed on a projected jury verdict for the purposes of the UIM coverage.

Following the superior court's decision, State Farm and Lestenkof agreed to a $1,000,000 projected verdict for purposes of the UIM coverage. The agreement made it clear that the projected verdict was based on damages attributable to Odden's conduct.

State Farm appeals the superior court's decision that it must pay unlimited attorney's fees as part of its UIM coverage.

## III. STANDARD OF REVIEW

■ Because this appeal involves a superior court's ruling on summary judgment and presents a pure question of law, we apply a de novo standard of review, "adopting the rule of law that is most persuasive in light of precedent, reason, and policy."[7]

## IV. DISCUSSION

Lestenkof argues that our decision in Harrington[8] mandates that State Farm pay Lestenkof the same amount (give "the same protection") under Odden's UIM coverage as it did under Odden's liability coverage. The superior court agreed.

In Harrington, the deceased was killed while riding as a passenger. Her personal representative sought to collect UIM benefits under two policies, the deceased's own and that of the driver of the car the deceased was riding in. The liability section of both policies "provided additional coverage" for limited Rule 82 attorney's fees.[9] While the only

reference to attorney's fees was made in the liability rather than the UIM sections of the policies, the personal representative sought to collect attorney's fees as part of the policy limits of the UIM coverages.[10] We decided that as used in AS 21.89.020, a statute which requires insurance companies to offer UIM coverage "equal to the limits voluntarily purchased to cover the liability of the person insured,"[11] the word "limits" includes not just "the numerical facial limit" of the policy but also the "protection afforded in addition to facial limits for items such as prejudgment interest, costs and attorney's fees."[12] The personal representative in Harrington was therefore able to collect the sought-after limited attorney's fees as part of the UIM coverage.[13]

In Wing v. GEICO Insurance Co., we described our decision in Harrington as articulating a "mirror rule."[14] Lestenkof urges us to uphold the superior court's decision in this case, thereby preserving a UIM award that is the mirror image of Lestenkof's liability recovery.

An examination of Harrington, the case that first articulated what has since been referred to as the mirror rule, makes it clear that we did not intend courts automatically to award an amount under UIM coverage that duplicates the award that would be required under the policy's liability coverage. We explained in Harrington that we were requiring insurers to pay attorney's fees as part of UIM coverage because we had previously construed "policy limits" "to include not only facial limits but such other sums *as are payable* in addition to facial limits."[15] The "other sums" derive from the coverages insurers provide in addition to coverage for bodily injury and property damage, such as coverage for prejudgment interest[16] and Rule 82

---

7. *In re Estate of Maldonado,* 117 P.3d 720, 722 (Alaska 2005) (internal quotation marks omitted).

8. 918 P.2d 1022.

9. *Id.* at 1023–25.

10. *Id.* at 1025.

11. AS 21.89.020(c)(1).

12. *Harrington,* 918 P.2d at 1025–26.

13. *Id.* at 1024, 1027.

14. 17 P.3d 783, 787 (Alaska 2001).

15. 918 P.2d at 1026 (emphasis added).

16. *See Hughes v. Harrelson,* 844 P.2d 1106, 1107 (Alaska 1993) (requiring insurers to provide coverage for prejudgment interest in addition to the statutory minimum amount of liability coverage).

attorney's fees.[17]  Whether the insurer has to make an equal payment, or any payment, under a particular type of UIM coverage depends not only on the existence of mirror-image coverage, but also on the extent of the underinsured loss for that type of coverage.

■ Policy coverage for court-awarded attorney's fees only applies to court-awarded attorney's fees that either are awarded or potentially would be awarded on an adverse verdict against an insured.  Our recent case of *Maloney v. Progressive Specialty Insurance Co.*[18] establishes this point.  In *Maloney* the question was whether an offer made by an insurer to an unrepresented plaintiff was a policy limits offer when the offer did not include a component for Rule 82 attorney's fees.  We held that the offer was a policy limits offer because unrepresented litigants have no right to recover Rule 82 fees.  The insurer properly conducted its evaluation of the case based on the facts that existed at the time of the offer:

> Progressive needed to calculate its maximum potential liability by simply assuming that "[the case] went to trial and received an adverse verdict" as of the date of its offer.  Here, because Maloney was apparently not represented on the date of the original offer, she had no right to expect, and Progressive had no duty to offer, a payment of Rule 82 fees in addition to the nominal policy limit.[19]

Maloney's damages "easily exceeded the limits" of the policy in question.[20]  Thus, if coverage for court-awarded attorney's fees were fungible with coverage for bodily injury, the fees coverage could have been applied to Maloney's damages without overcompensating Maloney.  But this was not permitted.  Thus coverage for court-awarded attorney's fees may only be applied to liability, or potential liability, for court-awarded attorney's fees.

Similarly, in the present case, based on the agreed hypothetical verdict, there is no uncompensated prospective liability for Rule 82 attorney's fees.  When they settled the case, the parties agreed to a projected jury verdict of $1,000,000.  Thus, in analyzing the question before us, we assume that the case was tried, and

(1) the jury returned a verdict of $1,000,000 against Odden;

(2) the court awarded $131,068.49 in prejudgment interest to Lestenkof.

The $131,068.49 figure assumes, as State Farm did when proposing a settlement amount for Lestenkof's liability claim, that the relevant interest rate for calculating prejudgment interest is eight percent a year and that the number of days from the trigger date for prejudgment interest to judgment is 598;[21] and

(3) the court, applying Rule 82(b)(1)'s "contested with trial" attorney's fees schedule to the total award of $1,131,068.49 (the verdict plus prejudgment interest), awarded Rule 82 attorney's fees in the amount of $115,606.85 to Lestenkof.

State Farm, in its capacity as Odden's liability insurer, would have been responsible for paying Lestenkof the following portions of the total owed by Odden:

(1) $50,000, the facial limit of Odden's liability policy;

(2) $6,553.42, the amount of the prejudgment interest calculated using the $50,000 facial policy limit amount.[22]  Alaska Statute 28.22.101(d) requires that when an automobile insurer offers coverage for prejudgment interest as part of a policy providing the minimum statutory amount of liability coverage, here $50,000, the prejudgment interest

---

**17.**  *See* 3 AAC 26.510 (requiring insurers with a duty to defend the insured to provide, as "an additional amount of coverage," payment for at least some Civil Rule 82 attorney's fees).

**18.**  99 P.3d 565 (Alaska 2004).

**19.**  *Id.* at 568–69 (footnote omitted) (alteration in original).

**20.**  *Id.* at 567.

**21.**  598 divided by 365, multiplied by 0.08, multiplied by $1,000,000, equals $131,068.49.

**22.**  598 divided by 365, multiplied by 0.08, multiplied by $50,000, equals $6,553.42.

coverage must be in addition to the $50,000 facial policy limit.[23]

(3) $115,606.85 in Rule 82 attorney's fees. State Farm must calculate attorney's fees from the total award rather than from the facial policy limit plus covered prejudgment interest since Odden's policy does not contain a valid endorsement limiting the amount of fees State Farm must pay.

State Farm paid these three amounts to settle Lestenkof's liability claim.

Lestenkof would be entitled to additional amounts from State Farm in its capacity as Odden's underinsured motorist insurer if Odden was underinsured with respect to any element of the total award. Lestenkof should receive, pursuant to Odden's UIM policy and its attendant prejudgment interest and court-awarded attorney's fees coverages:

(1) The $50,000 facial policy limit of Odden's UIM coverage. Odden is underinsured with respect to the principal amount of the damages awarded, since his liability policy covered only $50,000 of the posited $1,000,000 verdict.

(2) $6,553.42 in prejudgment interest calculated from the face amount of the UIM coverage.[24] Odden is underinsured with respect to the prejudgment interest awarded to Lestenkof, since his liability policy covered only $6,553.42 of the posited $131,068.49 interest award.

(3) No amount for Rule 82 attorney's fees. Odden is not underinsured with respect to court-awarded attorney's fees, since his liability policy covered the entire posited $115,606.85 fees award.

■ We conclude therefore that although Odden's UIM coverage included mirror-image coverage for unlimited court-awarded attorney's fees, that coverage may not be invoked under the facts of this case. Odden was fully insured, rather than underinsured,

with respect to his potential liability for court-awarded attorney's fees. As a result, Lestenkof may not recover Civil Rule 82 attorney's fees as part of her UIM claim.

## V. CONCLUSION

For the above reasons we REVERSE the superior court's ruling that State Farm remains obligated to pay additional attorney's fees pursuant to Odden's UIM coverage.

---

**23.** *Hughes v. Harrelson,* 844 P.2d 1106, 1107 (Alaska 1993).

**24.** The $6,553.42 amount assumes that State Farm paid prejudgment interest as of the date of judgment. Because State Farm paid Lestenkof prejudgment interest under Odden's UIM coverage as part of the advance payment it made in November 1999, it paid Lestenkof less than

$6,553.42 (since only a little over a year had elapsed between the time of the accident and the making of the advance payment). State Farm need not now pay Lestenkof an additional amount of prejudgment interest, however, given that the UIM payment was made before the date of the assumed award.