**Nicholas MACH, Plaintiff,**

v.

**PENNSYLVANIA RAILROAD COM- PANY, A Corporation, Defendant.**

**Civ. A. No. 14013.**

United States District Court
W. D. Pennsylvania.

Nov. 14, 1958.

See also 198 F.Supp. 473.

James McLaughlin, Pittsburgh, Pa., for plaintiff.

Norman Cowie, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

The plaintiff filed suit, basing his claim under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. and claims that under this Act this Court has jurisdiction.

It appears from stipulated facts between the plaintiff and the defendant that plaintiff was engaged as a bargeman with certain of his fellow employees on the Ohio River (a navigable federal waterway) at or near the coal unloading docks of the Conway Yard of the defendant. The plaintiff was employed by the defendant in the furtherance of the defendant's activities in or affecting interstate commerce. While on a certain barge near the aforesaid docks, the plaintiff attempted to get the barge into position in order to secure it at the dock. In order to secure the barge, plaintiff had to fasten a circular cable to stanchions on the barge. As he was attempting this maneuver, a winch operator in the yards of the defendant took up the slack in the steel cable causing it to whiplash through the air, strike plaintiff, and throw him into the barge thereupon causing certain injuries for which suit is now brought.

Thereafter the defendant, Pennsylvania Railroad Company, moved to dismiss the plaintiff's complaint on the grounds that his remedy was under the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 33 U.S.C.A. § 901 et seq. This case came on for argument and at the argument counsel for the plaintiff forthrightly admitted to the Court that the place where the accident happened was on the Ohio River, a navigable stream, and also admitted that the nature of the employment at the time that he was injured was maritime.

The Harbor Workers' Act provides that:

"(a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law. * * *" 33 U.S.C.A. § 903.

The Supreme Court pointed out that:

"The statute applies, by its own terms, to accidents on navigable waters when the employer has any employees engaged in maritime service." Pennsylvania R. Co. v. O'Rourke, 1953, 344 U.S. 334, 339, 73 S.Ct. 302, 305, 97 L.Ed. 367.

The O'Rourke case made it quite clear that if the work the injured person is performing is maritime, he would be under the Longshoremen's and Harbor Workers' Compensation Act and not the Federal Employers' Liability Act. According to the stipulated facts and the frank admissions of plaintiff's counsel, the plaintiff was a bargeman engaged in helping to get a barge into position on the dock. This is clearly maritime work.

The plaintiff attempts to distinguish the O'Rourke case by arguing that all of the acts causing the injury in that case took place upon navigable waters whereas in the instant case the impact took place on the navigable waters, but some of the acts took place on land. However, be that as it may, nevertheless, if we would attempt to apply the rules of Conflict of Laws to a situation such as this, the result would be no different as the place of wrong is where the last event necessary to make an actor liable for an alleged tort takes place. The place of wrong is the place where the harmful force takes effect upon the

body. See Restatement of Conflict of Laws, § 377. Here the harmful force took effect upon the plaintiff when he was upon navigable waters, and the law of the place of wrong determines whether he has sustained legal injuries. See Restatement of Conflict of Laws, §§ 378, 379.

While this was, of course, not a true Conflict of Laws problem, the rules of Conflict of Laws are somewhat analogous to this claim of the plaintiff, and seem to be opposed to the proposition he advances. Therefore, on the authority of Pennsylvania R. Co. v. O'Rourke, supra, and upon motion of the defendant, plaintiff's complaint should be and hereby is dismissed.