Nicholaus MACH, Plaintiff,

v.

PENNSYLVANIA RAILROAD COM-
PANY, Defendant.

Civ. A. No. 14013.

United States District Court
W. D. Pennsylvania.

Sept. 29, 1961.

See also 198 F.Supp. 475.

Louis C. Glasso, and Hymen Schlesing-
er, Pittsburgh, Pa., for plaintiff.

Pringle, Bredin & Martin, Norman J.
Cowie, Aloysius F. Mahler, Pittsburgh,
Pa., for defendant.

McILVAINE, District Judge.

On November 14, 1958, 198 F.Supp.
469, this Court filed a memorandum and
order dismissing this case. No appeal
was taken, and nothing further in re-
gard to this case was presented to the
Court.

Subsequently, on June 26, 1961, a
motion was filed on behalf of plaintiff
under Rule 60(b), 28 U.S.C.A., to vacate
the judgment of dismissal and to allow
an amendment of the complaint. This
motion was filed almost three years after
the order of dismissal was entered. The
matter came on for hearing on plaintiff's
motion, and at that hearing the facts de-
veloped that the plaintiff had originally
filed his suit basing his claim under the
Federal Employers' Liability Act, 45 U.
S.C.A. § 51 et seq., and our opinion filed

on November 14, held that his remedy was under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., and not the Federal Employers' Liability Act.

The plaintiff at the time was represented by James P. McArdle, Esquire, one of the most experienced attorneys in this district in personal injury litigation. In 1959, the plaintiff consulted Mr. McArdle's office concerning another accident which occurred in 1956, apparently similar in circumstances to the accident of 1955, which was the basis of the present suit. He was advised that nothing could be done for him and, thereafter, consulted other counsel, Louis Glasso, and, through him, Hymen Schlesinger, concerning the 1956 accident. Suit was instituted at No. 18248 on October 21, 1959. Liability was asserted under the Federal Employers' Liability Act and, subsequently, this complaint was amended to claim coverage under the Jones Act, 46 U.S.C.A. § 688. The complaint under the Federal Employers' Liability Act was subsequently dismissed by order of court, but the complaint under the Jones Act remained. Thus, it is apparent that plaintiff's present counsel, Mr. Glasso and Mr. Schlesinger, knew of this Court's decision concerning the 1955 accident. However, the papers concerning it were not brought from Mr. McArdle's office to Mr. Schlesinger until 1961. Sometime after they were obtained by Mr. Schlesinger, this motion for relief under 60(b) was filed to allow an amendment of the complaint filed in the 1955 action to plead coverage under the Jones Act.

Rule 60(b) of the Federal Rules of Civil Procedure lists circumstances when a court may relieve a party from a final judgment. They are:

(1) Mistake or inadvertence

(2) Newly discovered evidence

(3) Fraud

(4) A void judgment

(5) The judgment has been satisfied, et cetera, or

(6) Any other reason justifying relief from the operation of the judgment.

Plaintiff through his counsel says that the first five reasons are inapplicable; but that his case falls under Rule 60(b) (6). Counsel for the plaintiff states that the case does not fall under 60(b) (1), in which there would be a one year limitation, because he says there was no mistake, surprise, inadvertence, or excusable neglect on the part of counsel. He says that former counsel for the plaintiff acted properly, but suggests that there was another avenue open to this plaintiff. Since he has an additional avenue that he might endeavor to pursue, it is a reason that should justify this Court from relieving the plaintiff from the operation of its judgment. While he does not say and is very careful not to say that former counsel for the plaintiff made a mistake, if indeed there were any made, the net effect of his argument was that there had to be an error by former counsel.

■ Our court of appeals has pointed out that the rule authorizing the district court to relieve a party from a judgment entered against him for "any other reason justifying relief from the operation of the judgment," for reasons other than the enumerated reasons, applies only in cases of extraordinary circumstances. We are not authorized to consider reasons such as mistake, inadvertence, surprise, and excusable neglect. See Federal Deposit Insurance Corporation v. Alker, 3 Cir., 1956, 234 F.2d 113, 116.

What plaintiff's counsel now suggests is really that he has an opinion somewhat different than plaintiff's former counsel. He tries not to say that the former counsel made a mistake, only that his opinion is different. However, the Court of Appeals in the Sixth Circuit has held that the rule which authorizes the district court to relieve a party from a final judgment or order for reasons justifying relief from the operation of judgment is not applicable where the defendant is represented by counsel, and is not deprived of the opportunity of appeal from

an adverse judgment, and voluntarily for reasons of his own elects not to appeal. Whiteleather v. Unites States, 6 Cir., 1959, 264 F.2d 861.

This is precisely the situation before the Court, and we feel that the rule pronounced by the Court of Appeals of the Sixth Circuit is consistent with the reason of the court of appeals for this circuit. We are bound to follow it.

See also 198 F.Supp. 473.

In any event, even if this situation should be under Sub-section 6 of Rule 60(b), we do not feel that this motion for relief has been brought within a reasonable time. The defendant, while it might not be as badly prejudiced as its affidavit would indicate, nevertheless, would suffer prejudice if made to proceed to trial at this time when for three years it believed it had a final judgment. This is simply not a case that would move this Court to exercise its discretion in favor of granting the motion. There must be finality to law suits, and the facts of this case are not such that would cause this Court to upset that very proper standard. Accordingly, plaintiff's motion should be denied.