NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

|  |  |  |
|---|---|---|
| AKHTAR KHAN, | ) | |
| | ) | Supreme Court No. S-15545 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-12-11141 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| C & C TECHNOLOGIES, INC., | ) | AND JUDGMENT* |
| OLD HARBOR NATIVE | ) | |
| CORPORATION, KODIAK KENAI | ) | No. 1573 - March 16, 2016 |
| CABLE COMPANY LLC, ALASKA | ) | |
| OCEAN CABLE LLC, C. WALT | ) | |
| EBELL, and GREGORY SCOTT "IK" | ) | |
| ICARD, | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Akhtar Khan, pro se, Sterling, Virginia, Appellant. Jonathan Katchen and Kyle W. Parker, Crowell & Moring LLP, Anchorage, for Appellee C & C Technologies, Inc. No appearance by Appellees Old Harbor Native Corporation, Kodiak Kenai Cable Company LLC, Alaska Ocean Cable LLC, C. Walt Ebell, or Gregory Scott "IK" Icard.

Before: Stowers, Chief Justice, Fabe, Winfree, and Maassen, Justices. [Bolger, Justice, not participating.]

_____

\*      Entered under Alaska Appellate Rule 214.

## I. INTRODUCTION

A vendor filed suit claiming it had not been paid for its services. The suit named as defendants a limited liability company, its owner companies, and several individuals including the appellant, Akhtar Khan. Eventually the parties reached a settlement, and the vendor's claims were dismissed. Khan did not join the settlement, but he did not oppose dismissal of the claims against him. After the case was dismissed Khan asserted that he was entitled to attorney's fees as a prevailing party; he also raised new tort claims related to the filing of the suit and the settlement negotiations. The superior court denied his motion for attorney's fees and declined to consider his new tort claims.

Khan appeals. Because the superior court did not clearly err when it found no factual basis for an award of attorney's fees to Khan — a non-lawyer representing himself — and because Khan's other claims are not properly before us, we affirm.

## II. FACTS AND PROCEEDINGS

This case arises from a project to run an internet cable link between Asia and Europe, routed through Alaska's Arctic. Leading the project was Arctic Cable Company, LLC (Arctic Cable), a limited liability company owned by Alaska Ocean Cable, LLC and KhanNet, LLC, which is controlled in turn by Akhtar Khan. The agreement between Alaska Ocean Cable and KhanNet required certain contributions of capital and equity in order to ensure that Arctic Cable was adequately funded.

Arctic Cable selected C & C Technologies (C & C) to conduct an undersea mapping survey of the proposed route. Khan signed the contract with C & C on behalf of Arctic Cable. The contract required that C & C be given progress payments as it achieved specific benchmarks, but Arctic Cable allegedly failed to make payments after C & C completed the first benchmark and part of the second. Other participants claimed

that KhanNet had not made its required contribution to Arctic Cable, resulting in a shortage of funds, though Khan disputed this characterization.

C & C filed suit in late 2012 against Arctic Cable and several others, including Khan individually. Khan entered an appearance for himself.

Before trial, all parties except Khan reached a confidential settlement agreement. Although Khan was not a party to the settlement agreement, he did not object to the dismissal of C & C's claims against him. The superior court accordingly entered an order dismissing the case "against Mr. Khan and all other defendants with prejudice with each party to bear its own costs and fees."

Khan filed a motion for reconsideration of the dismissal order, "seeking clarifications and necessary amendments in order to preserve [his] rights and remedies available in law, including, but not limited to, filing of a cross-claim against C & C or others." Khan still did not object to the settlement, but he asserted that he wanted to "protect his rights and remedies against C & C, or any other party, for falsely and untruly including him as a Defendant in the lawsuit with serious, unproven allegations for the purpose of wrongful gain, which caused him to suffer shock and agony." He further claimed that C & C had improperly conducted separate settlement negotiations with him personally and that — because C & C received a settlement from another defendant's insurer and Khan arguably had a counterclaim against C & C — he was entitled to part of those proceeds.

The superior court held that, because Khan had not filed or sought to file a counterclaim or cross-claim before the case was dismissed, he could not use his motion for reconsideration "to bring a cause of action . . . against C & C Technologies or any of [his] codefendants." The court also noted that Khan's motion for reconsideration was filed "well outside of the 10 day deadline set forth in [Alaska] Civil Rule 77(k)" for such

motions. But because Khan was not bound by the settlement agreement's stipulation that all parties would bear their own costs and attorney's fees, the court granted his motion for reconsideration as to the "costs and fees" issue and allowed him to make a separate application for their recovery.

Khan's invited motion "for granting reimbursement of fees" largely restated the new tort claims he had made against C & C in his motion for reconsideration. But he asserted for the first time that, though appearing pro se, he had "arranged and engaged to be assisted and advised by the counsel of Dr. Charles L. Panayides, Bar-at-Law from London, United Kingdom[,] and his team," for "a one-time flat fee of $400,000."

The superior court denied Khan's motion for fees, explaining that "[b]ecause of the manner in which this case resolved, both C & C Tech and Mr. Khan are to bear their own fees and costs." Khan again moved for reconsideration, this time including evidence of an attorney-client relationship: an "Engagement Letter" signed by Khan and an affidavit signed by the managing partner of a Jordanian law firm, representing that the firm had appointed Panayides to represent Khan in the C & C litigation. The superior court denied that motion as well.

Khan argues on appeal that he is entitled to attorney's fees as the prevailing party, and that C & C's vexatious and bad-faith conduct entitles him to full reimbursement of those fees.[1] He also reasserts the tort claims raised for the first time

---

[1]     The superior court's order reconsidering dismissal allowed Khan to move for attorney's fees *and costs*. Khan's subsequent motion ostensibly requested "fees and costs" but was limited, like his claim on appeal, to the $400,000 flat fee he claims to have paid Panayides's law firm. He did not separate out any recoverable costs in the trial court, file a cost bill, or make any separate arguments for the recovery of costs.

in his motions for reconsideration, again arguing that he should receive a portion of the settlement proceeds because he was improperly excluded from negotiations.

C & C responds that the superior court properly denied Khan's motion for fees because he was not a prevailing party, he was not represented by counsel, and C & C's conduct did not otherwise entitle him to fees. C & C also argues that Khan's new claims are barred under Alaska Civil Rule 13, are not justified on their merits, are not ripe for review, and cannot be raised in future cases because of the doctrine of res judicata.

## III.  STANDARDS OF REVIEW

"We review the interpretation of Alaska Civil Rules governing the award of costs and attorney's fees de novo."[2]  But the trial court's decision whether to award attorney's fees is reviewed for abuse of discretion.[3]  "Factual findings are reviewed for clear error."[4]

We review questions of law, including the issue of waiver, de novo.[5]

---

[2]  *R & Y, Inc. v. Municipality of Anchorage*, 34 P.3d 289, 300 (Alaska 2001).

[3]  *Sengupta v. Univ. of Alaska*, 21 P.3d 1240, 1248 (Alaska 2001).

[4]  *Lee v. Konrad*, 337 P.3d 510, 517 (Alaska 2014) (citing *Peterson v. Ek*, 93 P.3d 458, 463 (Alaska 2004)).

[5]  *Richter v. Richter*, 330 P.3d 934, 937 (Alaska 2014); *State v. Jacob*, 214 P.3d 353, 361 (Alaska 2009) ("Waiver is a legal issue that this court reviews de novo.").

## IV. DISCUSSION

### A. The Superior Court Did Not Clearly Err In Finding That There Was No Factual Basis For An Award Of Attorney's Fees To Khan.

Alaska Civil Rule 82 states that "the prevailing party in a civil case shall be awarded attorney's fees."[6] But "Rule 82 does not permit awards of attorney's fees to pro se litigants who are not attorneys."[7] Khan represented himself and does not claim to be an attorney. He asserts, however, that during the course of litigation and negotiations he received "the advice and guidance of his legal counsel, Dr. Charles Panayides and his team." Khan asserts in his brief that Panayides "dealt with [the] general counsel and CEO of C & C," "jointly prepared a draft settlement under the aegis of the court appointed mediator," and "interacted regularly with" counsel for one of the other defendants. C & C denies ever knowing that Khan was represented.

Support for Khan's claim is sparse. It was 15 months after C & C filed its amended complaint in December 2012 — after the suit had been settled and dismissed — that Khan first alluded in court filings to having an attorney. At that time he attached two vague emails, purportedly sent by him to Panayides at a "gmail.com" address, to his request for an extension of time to file his motion for attorney's fees. When filed, Khan's fees motion claimed that he had "be[en] advised by the counsel of Dr. Panayides and his team." In his subsequent motion for reconsideration, Khan produced further

---

[6]     Alaska R. Civ. P. 82(a).

[7]     *Shearer v. Mundt*, 36 P.3d 1196, 1198 (Alaska 2001); *see also Maloney v. Progressive Speciality Ins. Co.*, 99 P.3d 565, 568 (Alaska 2004) ("Our cases uniformly hold that unrepresented litigants have no right to recover attorney's fees under Rule 82 (unless they are attorneys themselves)." (first citing *Shearer*, 36 P.3d at 1198; then citing *J.L.P. v. V.L.A.*, 30 P.3d 590, 599 (Alaska 2001); then citing *Pratt & Whitney Canada, Inc. v. Sheehan*, 852 P.2d 1173, 1181 & n.12 (Alaska 1993); and then citing *Gates v. City of Tenakee Springs*, 822 P.2d 455, 463 (Alaska 1992))).

documentation: the "Engagement Letter" signed by Khan himself and the affidavit of an attorney with an address in Amman, Jordan, who asserted that her firm had assigned Panayides "as the Primary Counsel to [Khan]."

But neither Panayides nor any other attorney had ever appeared for Khan in the case or signed a pleading on Khan's behalf. To the contrary, Khan filed an entry of appearance "Pro se, in the above captioned case, and request[ed] that copies of all . . . pleadings, exclusive of service of process, filed in this action be mailed to him" at his address in Virginia. He signed the answer himself, identifying himself as "pro se," and signed every subsequent pleading himself as well. His discovery responses and litigation-related correspondence contain only his signature and make no reference to attorney representation. Even after informing the court that he had paid Panayides's firm $400,000 for representation in the case, Khan continued to sign pleadings himself, on his own behalf.

The superior court initially denied attorney's fees to Khan "[b]ecause of the manner in which this case resolved," explicitly leaving both C & C and Khan "to bear their own fees and costs." A reasonable implication of this order was that the resolution by settlement meant that no one — including Khan, who was not a party to the settlement — had clearly prevailed. But following Khan's motion for reconsideration, the superior court concluded, "Having reviewed all documents filed by Akhtar Khan, the Court finds no factual support entitling Mr. Khan to costs and fees" and reaffirmed its earlier order denying fees. Because Khan represented himself throughout the litigation, and the record fails to support his claim that Panayides performed any substantive work on the

case, we agree that Khan was not entitled to attorney's fees. The superior court's finding that his claim had "no factual support" is not clearly erroneous.[8]

## B. Khan's Other Arguments Are Not Properly Before Us.

In addition to challenging the superior court's attorney's fees decision, Khan reasserts on appeal his tort claims against C & C and argues that he was entitled to a portion of the funds allocated by settlement among the other parties. Because these claims were not timely raised or pursued in the superior court, they are not properly before us on appeal.

Among Khan's claims are that C & C "falsely, knowingly, fictitiously, and maliciously included [him] as a defendant in the lawsuit," "filed false affidavits" relating to his actions, and deceived him during the course of the settlement negotiations. He argues that these claims entitle him to damages against C & C and that he is also "entitled to a share of the agreed insurance company payments" made as part of the other parties' settlement.

But Khan did not timely bring these claims in the superior court. He explicitly reserved in his answer "the right to assert counterclaims, cross-claims, and third party claims as warranted under applicable law and facts." But while "reserv[ing] the right," he failed to assert it until after the case had been dismissed, articulating affirmative claims for relief for the first time in his motion for reconsideration of the

---

[8]      We note further that a claim for attorney's fees under Rule 82(b)(2) requires proof of the "reasonable actual attorney's fees which were necessarily incurred" as the starting point for any percentage award. Khan's claim that he paid Panayides's firm a flat fee of $400,000 — a sum apparently agreed to several months before Khan even entered his appearance in the case pro se and with no explanation of the basis for it or the work the attorney did to earn it — gave the superior court no basis on which to calculate an award.

superior court's order dismissing the lawsuit. The superior court had no obligation to consider new claims at that point in the proceedings.[9] And "[g]enerally, we will not consider new theories of liability first raised on appeal."[10]

Finally, the parties argue about the effect on potential future lawsuits of Khan's failure to raise his tort and settlement-related claims in this case. Khan asks that if we do not reverse the superior court's denial of his fees motion, we "lift[] any bar and allow[ him] to include his attorney fees and costs in a separate suit, which he has the standing and intent to file." C & C asks us to declare that Khan's damages claims were compulsory counterclaims in this case and that the doctrine of res judicata therefore bars Khan from raising them again in the future.[11]

Applying the doctrine of res judicata requires a court to assess the circumstances of both a "prior action" and a "subsequent action."[12] Any "subsequent action" involving Khan's claims is at this point entirely hypothetical. "Certainly, it is not the responsibility of . . . [the] court[] to predict the res judicata effect of its orders on a hypothetical future case. Moreover, even if a court attempted to do so, any such

---

    [9]    *McCarter v. McCarter*, 303 P.3d 509, 513 (Alaska 2013) ("[The appellant] made this statutory argument for the first time in his motion for reconsideration, and it is therefore waived."); *Clemensen v. Providence Alaska Med. Ctr.*, 203 P.3d 1148, 1155 (Alaska 2009) ("Because [the appellant] failed to make this argument prior to his motion for reconsideration, it is waived.").

    [10]    *Janes v. Alaska Railbelt Marine, LLC*, 309 P.3d 867, 876 (Alaska 2013).

    [11]    *See Dickerson v. Goodman*, 161 P.3d 1205, 1208 (Alaska 2007) ("Failure to assert a compulsory counterclaim bars a party from asserting it in subsequent suits.").

    [12]    *See Plumber v. Univ. of Alaska Anchorage*, 936 P.2d 163, 166 (Alaska 1997) (explaining that under the doctrine of res judicata "a final judgment in a prior action bars a subsequent action").

prediction could only be based on rank speculation."[13]  We decline to speculate on the effect this case may have on others yet to be filed.

## V.    CONCLUSION

We AFFIRM the judgment of the superior court.

---

[13]    *In re Urban Broad. Corp.*, 401 F.3d 236, 245 (4th Cir. 2005).